UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMOND EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-162 |
| | ) | |
| JOHN DUBOIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Raymond Edwards has filed this case asserting claims arising from his 2023 arrest in Savannah, Georgia. *See* doc. 1 at 5-6. The Court granted him leave to proceed *in forma pauperis*, doc. 5, and he returned the required forms, docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (discussing a Rule 12(b)(6) dismissal).  As Edwards is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Edwards alleges that, in April 2023, he was at a Savannah, Georgia convenience store.  *See* doc. 1 at 5.  An employee alleged that he had taken a cup, when he had brought the cup himself.  *Id.*  The employee "called" Defendant Dubois, an officer with the Savannah Police Department.  *Id.*  While Edwards "defended [his] claim against the store personnel," Dubois grabbed his backpack, searched it, and "another [presumably, officer] started hitting [him] over the head."  *Id.*  He was handcuffed, placed in a police car, and "sprayed," apparently with pepper spray.  *Id.*  Edwards alleges that he suffered "head, face, fractures, fillings knocked out of back teeth and back teeth was partially broken . . . ."  *Id.*  He alleges that "these officers . . . had no proper cause to bother [him] and beat the h[\*\*\*] out of [him] . . . ."  *Id.* at 6.  He also alleges that he was not taken for a medical examination of his injuries.  *Id.*  He seeks monetary

damages, *i.e.*, that the Court "require officers to pay for dential [sic] and hand, facial surgery and cost of court." *Id.*

The Fourth Amendment "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (internal quotation marks and citation omitted). "To establish a Fourth Amendment claim for excessive force, a plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Id.* (internal quotation marks and citation omitted). Taking Edwards' allegations as true, as the Court must at this stage,[1] he has sufficiently alleged a Fourth Amendment violation against Dubois.

Edwards' allegations that he was not taken for medical evaluation after his exposure to pepper spray implicates a deliberate indifference

---

[1] Edwards has attached a Savannah Police Department report, completed by Dubois, that presents a very different account of the events. *See* doc. 1 at 9-12. Dubois' report states that he was at the convenience store when he "overheard individuals yelling." *Id.* at 9. A female employee verbally reported that Edwards "had tried to steal items from the store and was being disorderly." *Id.* Dubois attempted to get Edwards to walk toward his car "to remove him from the area of the employees but he was not listening." *Id.* The altercation between Edwards and the employees escalated and Edwards "aggressively approached the female employee and punched her in the head 2-3 times." *Id.* "The other employees then started punching at Edwards." *Id.* Dubois states that he grabbed Edwards and "told him to calm down and stop resisting," but Edwards did not comply. *Id.* "After not being able to physically control him, [Dubois] pulled out [his] Oleoresin Capsicum (OC) spay and sprayed Edwards with 2 short

claim. To offend the Eighth Amendment,[2] a government official must display "deliberate indifference to the serious medical needs of prisoners

---

bursts of fluid." *Id.* He and Edwards continued to struggle until a second officer, Pellegrini, assisted Dubois to handcuff Edwards. *Id.* at 9-10. Dubois reports that Edwards was secured in the car and a search was conducted incident to his arrest. *Id.* at 10. Dubois transported Edwards to a hospital, but because he "was still yelling and acting aggressively . . . , he was not able to be competently assessed by medical staff. The doctor was able to assess [Edwards] enough to determine he appeared to have no life-threatening issues and he was medically cleared for jail." *Id.* Edwards was then transported to and booked into jail. *Id.* Despite attaching the report to his Complaint, Edwards alleges "these officers lied . . . ." *Id.* at 6.

"It is true that documents attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)." *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014). However, "[w]here a civil rights plaintiff attaches a police report to his complaint and alleges that it is false . . . the contents of the report cannot be considered as true for purposes of ruling on a motion to dismiss." *Id.* The Court, therefore, does not consider the contents of Dubois' report for screening purposes.

The Court notes, however, that Edwards signed his Complaint under penalty of perjury. *See* doc. 1 at 6. Edwards is advised that his case may be dismissed if the Court determines that he has lied. *See, e.g., Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872, at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie or otherwise deceive this Court."). Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); doc. 52 at 1-2 (S.D. Ga. Dec. 1, 2009) (Judgment, sentencing defendant to 37-month term of imprisonment); doc. 66 at 3-8 (S.D. Ga. Dec. 9, 2010) (appeal opinion affirming conviction and sentence); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanctions cases).

[2] As a pretrial detainee, Edwards' medical-care claim is technically governed by the Fourteenth Amendment, not the Eighth. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citation omitted); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *4 (11th Cir. Feb. 4, 2022) (same).

4

. . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert*, 510 F.3d at 1326. Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 33 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 62 F.3d 557, 564 (11th Cir. 2010).

Taking Edwards' allegation that he was not taken for a medical evaluation after the altercation as true, he has adequately alleged at least one[3] deliberate-indifference claim against Dubois.[4] The Eleventh

---

[3] Whether Edwards has sufficiently alleged deliberate indifference to any of the other injuries he allegedly suffered, including head and facial fractures, damage to his fillings, and a broken tooth, can be addressed by Defendant upon service.

[4] Edwards complains about the medical care he has received from jail medical staff, not named as defendants, while he has been detained. *See* doc. 1 at 6. He alleges that he has "no feeling" in "half" of his hand, a "right facial fracture, [and] left head trauma," and that he needs an MRI. *Id.* Those complaints are not sufficient to state

5

Circuit has recognized "that exposure to pepper spray without adequate decontamination can constitute a serious medical need." *Barcelona v. Rodriguez*, 847 F. App'x 739 (11th Cir. 2021). The fact that Dubois was allegedly responsible for spraying Edwards is also sufficient to allege his subjective knowledge of that condition. Edwards' allegation that he was

---

a claim against any of those parties. Moreover, to the extent that Edwards has been examined by medical staff, and they have declined to provide the treatment he seeks, any such claim would likely fail. *See, e.g., Keohane v. Fla. Dept. of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) ("We have also emphasized—as have our sister circuits—that a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim . . . ." (internal quotation marks, alterations, and citation omitted)). Finally, Edwards' requested relief is specifically directed towards the defendant officers, and does not mention jail medical staff. *See* doc. 1 at 10.

Similarly, Edwards' nominal assertion of claims against "all supporting officers at sceen [sic]" fails to state any claim upon which relief can be granted. No officer other than Dubois is mentioned in Edwards' factual allegations. *See* doc. 1 at 5-6. Moreover, the attached report only indicates one other officer, identified as "Ofc. Pellegrini," who "assisted" in Edwards' arrest. *See* doc. 1 at 10. The Federal Rules simply do not permit plaintiffs to assert generalized "misconduct" by unspecified individuals. *Cf. Iqbal*, 556 U.S. at 678 (pleading requires "more than a sheer possibility that a defendant has acted unlawfully.")

To the extent that Edwards wishes to assert some claim against an unnamed or unidentified defendant, he remains free to file an Amended Complaint asserting such a claim more clearly. *See, e.g.,* Fed. R. Civ. P. 15(a) (permitting filing of an amended complaint "as a matter of course" before responsive pleadings are filed). Whatever the apparent merits of such a claim or claims might be, the Court is not permitted "to step into the role of *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain a cause of action." *Giddens v. Brooks Cnty., Ga.,* 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) (internal quotation marks and citation omitted).

confined in the car without any opportunity for decontamination is sufficient, for screening purposes, to allege indifference.

Since the Court approves for service Edwards' claims against defendant Dubois, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon him by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who

7

timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does

not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good

10

faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Edwards has no funds available. *See* doc. 8. He, therefore, does not owe any initial partial filing

13

fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.

**SO ORDERED,** this <u>10th</u> day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA